PER CURIAM:
This claim in the sum of $14,000.00 for property damage allegedly sustained by the claimant’s 1977 model Jeep pickup truck grows out of a single-vehicle accident which happened sometime after dark on July 19,1979, at a point on the Coal River Road in Kanawha County, West Virginia. When the claim was tried on May 28, 1980, the only witnesses who testified were the claimant, who owned the vehicle but was not present at the time of the accident, and Clifton Earl Farley, a district superintendent employed by the Department of Highways, who testified on behalf of the respondent. In addition, the deposition of the deputy sheriff who investigated the accident was offered and received into evidence. In accordance with usual practice, that deposition was not read by the Court at the time of the trial. It was hoped that the deposition would supply *270 evidence needed by the Court in its determination of the claim. Unfortunately, it does not, and, for that reason, the Court, on its own motion, is disposed to reopen the claim for additional evidence. For the assistance of the parties, the following observations may be helpful.
Respecting the issue of liability, it appears conclusively from the evidence that, at the time of the accident, the bed of the Coal River Road, which, at the place where the accident happened, is adjacent and substantially parallel to the Coal River, had eroded into the paved portion of the highway. The result was that, at its deepest penetration, only about half of the blacktop pavement remained, and a virtual precipice descended from the pavement to the bank of the Coal River. It also appears from the evidence that that condition had been progressive and had existed for a period of two years before the accident. There was no evidence that the respondent, during that two-year period, had taken any remedial action, other than to erect various types of warning signs. While there was evidence that some of the warning signs were objects of vandalism from time to time, it is undisputed that the only warning signs in existence at the time of the accident were hazard boards, 12” wide and 36” high, painted with diagonal yellow and black stripes. These boards were erected in the pavement at various points along the irregular edge of the precipice. The Court is of the opinion that that evidence plainly demonstrates negligence on the part of the respondent, and, in connection with the matter of liability, that leaves only the question of contributory negligence on the part of the claimant. It appears that, at the time and place of the accident, the driver of the vehicle was acting as the agent of the owner so that his contributory negligence, if any, would be imputed to the owner. The facts which do not appear from any evidence presently in the record, and which the Court needs to know, include:
1. Whether the highway in the direction from which the driver approached the hazard was straight or curved;
2. Whether that highway was upgrade or downgrade; and
3. Whether or not the driver was familiar with that highway and with the existing hazard.
In addition, there was an extremely vague reference by the investigating deputy sheriff to a comment allegedly made by the driver or by a passenger in the vehicle to the effect that some *271 mechanical difficulty in steering might have caused, or contributed to cause, the accident. In that connection, it would be interesting to know who made the statement, what the statement was, and, if possible, what was the fact of the matter respecting mechanical difficulty in steering.
Respecting the issue of damages, the only evidence was that of the claimant, who testified to the effect that immediately before the accident the vehicle had a fair market value of $5,700.00, and that immediately after the accident, its market value was zero. No expert evidence was offered on that issue, but it appears from photographs offered by the claimant that the vehicle probably had some salvage value. The additional evidence on the issue of damages was the testimony of the claimant himself that the sum of $200.00 had been incurred in expense attributable to the loss of the vehicle.
For the foregoing reasons, this claim will be reopened.